STATE OF VERMONT

| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| Vermont Unit | Docket No. 56-4-14 Vtec |

| Kelley Variance Application | JUDGMENT ORDER |

On September 24, 2014 the Court held a site visit at the subject property, 167 St. John Street, Rutland, Vermont, and a subsequent half-day merits hearing in this matter at the Vermont Superior Court, Rutland Division Courthouse in Rutland, Vermont. The permit applicants/appellants Robert and Nancy Kelly were present at the site visit and trial and represented themselves. The City of Rutland was represented by City Attorney Charles Romeo, Esq. After all parties had had a full opportunity to present evidence, the Court took a brief recess to review the evidence, conduct legal research, and deliberate. The Court thereafter reconvened the hearing and announced its Findings of Fact, Conclusions of Law, and Order. This Judgment Order is to provide a summary of those Findings and Conclusions and satisfy the Court's obligation under Vermont Rule of Civil Procedure 58; to the extent the reader wishes to review the Court's Findings and Conclusions, the reader is referred to the record of the September 24, 2014 hearing.

### Summary of Findings of Fact

Robert and Nancy Kelley own property located at 167 St. John Street in the City of Rutland, Vermont (the Property). St John Street is a dead end street. The Property is close to the intersection of St. John Street and Woodstock Avenue. Properties along Woodstock Avenue are generally commercial in nature. The Property is located in the Single Family Residential zoning district. The Property abuts the City's Gateway Business - Woodstock Avenue zoning district.

St. John Street has two existing businesses at residential properties. The Court is unaware of whether these activities have permits. One business is a lawn-mowing and landscaping business located at the south east end of St. John Street and the second is a concrete stamping business located about half way down St. John on the west side of St. John Street. In 2006, the Kelleys applied for a variance to construct a garage on the Property as the principal structure without a single family residence. The City granted the variance pursuant to

the five criteria set forth in 24 VSA § 4465(a), the Kelleys constructed the garage. The Kelleys originally used the garage for a hobby, Amyland Amusement. This included inside storage of games and a popcorn trailer. The Kelleys sought and obtained two amendments to the 2006 variance. One in 2007 allowed the outside parking of three vehicles for up to three days at a time. The Kelleys additionally sought approval of outside trailer parking but the variance for this additional use was denied. In 2010, the Kelleys applied for and received a variance amendment to allow the construction of an addition to the back of the garage. Although construction of the addition has recently begun, it is not yet complete.

The Kelleys rent other space at a separate property for a considerable amount of equipment storage, up to 36 pieces. The Kelleys' amusement activity, which originated as a hobby, is now the full-time business of Mr. Kelley. About three years ago, the Kelleys started selling Christmas trees and wreaths from the Property. The City recently notified the Kelleys that a new variance or an additional amendment to the 2006 variance is required for the Christmas tree and wreath sales.

The Kelleys applied for an amendment to their variance approval to allow:

Sale of Christmas trees and wreaths; and

Additional outside parking of equipment and outside repair of equipment.

Due to the size of the amusement equipment and the amount of equipment stored inside, there is not enough inside space at the Property to perform repairs. The Kelleys also seek to park equipment outside as it is transported from one event to the next. Equipment parking and repair activities would be limited to May through October during daylight hours. Repairs would typically be completed within a week and rarely take two weeks to complete. Repair work will include hand wrenches, torches, limited hammering, and no fabrication.

The City allows the sale of Christmas trees at residential properties as an accessary use without permitting. One condition the City has required for this accessory use is that the property must be used as a residence.

### Summary of Conclusions of Law

Pursuant to the 2006 variance approval, the requirement that the Property be developed with a residence was waived. The Kelleys seek approval for selling Christmas trees and wreaths which the City allows at residential properties as an accessory use without permitting. The parties do not dispute that, despite the variance, the Property is still residential. Thus, the Kelleys' Christmas tree and wreath sales is allowed as an accessory use without further review or permitting approval even though there is no residential use on the

property. Thus, the application for a variance for Christmas tree and wreath sales is **DENIED** as such approval is unnecessary for this activity.

The request for variance approval for additional outside parking and equipment repair is **DENIED** as such an amendment to the variance does not satisfy 24 VSA § 4469(a)(2) and (5) as follows:

Section 4469 of Title 24 sets out the requirements for granting a variance. Subsection (a)(2) requires that "that authorization of a variance is . . . necessary to enable the reasonable use of the property." 24 V.S.A. § 4469(a)(2). The additional variance requested by the Kelleys is not necessary to enable reasonable use of the Property. The statute does not protect a landowner's right to make all possible use of the property, just reasonable use. The 2006 variance and 2007 and 2010 amendments to the variance approval allow the Kelleys reasonable use of the Property.

Subsection (a)(5) of § 4469 requires that "[t]he variance, if authorized, will represent the minimum variance that will afford relief and will represent the least deviation possible from the bylaw and from the plan." Similarly, this request to expand the variance, the fourth time the Kelleys are seeking variance relief for increased activities on the Property, would not be the minimum variance or least deviation from the City's bylaws or plan as it relates to the Kelleys' use of the Property. Therefore, the application to amend the variance is **DENIED**. [1] The Kelleys may, however, resume selling Christmas trees and wreaths in a manner similar to other residential properties as an accessory use for which a variance is not required.

This completes this matter.

Electronically signed on September 29, 2014 at 08:59 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[1] We note that the Kelleys are currently seeking to re-zone the Property from residential to commercial. This re-zoning process is the more appropriate process to secure the right to use the Property as the Kelleys propose.